**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| BILLY PIERCE, | : | Civil No.: 08-3461 (WJM) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| STEVEN A. KAPLAN, ESQ., | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES:**

Billy Pierce, Pro Se
#14294
Passaic County Jail
11 Marshall Street
Paterson, NJ 07501

**MARTINI**, District Judge

Plaintiff, Billy Pierce, is currently confined at the Passaic County Jail, Paterson, New Jersey. Plaintiff seeks to bring this action in forma pauperis, alleging violations of his constitutional rights.[1]

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

---

[1] This case was administratively terminated on August 6, 2008, because Plaintiff did not submit the filing fee or a proper in forma pauperis application. Plaintiff submitted the proper documentation, rendering his application complete, and the case was reopened under separate order.

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, the case will be dismissed.

## BACKGROUND

Plaintiff's complaint is verbose and somewhat unclear, but the Court can ascertain the following facts:  Plaintiff states that on May 27, 2008, he was scheduled to be released upon a "psychiatric evaluation approval," with a year probation and time served.  He states that every knuckle on his left hand was broken and he has been getting "poor assistance" from the medical department, so he had asked for this release from the state court.

Plaintiff requested his attorney, defendant Steven Kaplan, to ask the state court for his release.  Plaintiff complains that the attorney does not speak to him and sends others in to talk to him.  Plaintiff's complaint, filed on or about July 9, 2008, states that he was to be released on August 25, 2008.  However, it is this Court's understanding that as of September 2, 2008, the day plaintiff filed his in forma pauperis application, he remained in custody.

Plaintiff states that he has spent too much time in jail, and that the defendants are "stagnating and falsifying facts." He asks the Court for immediate release, and for monetary damages.

**DISCUSSION**

**A.    Standard for Sua Sponte Dismissal**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d

3

902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  <u>See id.</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, ---U.S. ----, ----, 127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

<u>Phillips</u>, 515 F.3d at 234 (internal citations omitted).

4

**B.    Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C.
§ 1983 for certain violations of his constitutional rights.
Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting
under color of state law.  See West v. Atkins, 487 U.S. 42, 48
(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.
1994).

**C.    Plaintiff's Claims Will Be Dismissed.**

1.    Plaintiff's Claims are Barred by *Younger*.

First, Plaintiff's claims regarding ongoing state criminal
proceedings, including his claim regarding his release and his
mental state, are essentially a matter of state law procedure.
However, it is not generally the role of the federal courts to
interfere in pending state judicial proceedings.  A federal court
must abstain from addressing requests for injunctive relief

against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings.  See Younger v. Harris, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings).  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

In the instant case, if state proceedings implicating important state interests are ongoing, Plaintiff has the opportunity to raise his instant claims in those proceedings. Thus, Plaintiff must present his complaints about his criminal proceedings to the court in which his action is pending.  See Roberts v. Childs, 956 F. Supp. 923, 925 (D. Kan.), aff'd, 125 F.3d 862 (10th Cir. 1997).  Therefore, Plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)

and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

  2. <u>Plaintiff's Claims Seeking Release are Barred by</u> <u>*Preiser* and *Heck.*</u>

  Furthermore, if Plaintiff is currently serving a criminal sentence, his claims for release are premature.  In a series of cases beginning with <u>Preiser v.Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." <u>Id.</u> at 500.

  In this case, to the extent that Plaintiff asserts that that charges against him should be dropped, Plaintiff challenges the fact of his physical imprisonment.  Therefore, in accordance with <u>Preiser</u>, the claims are dismissable for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

  In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in <u>Preiser</u>, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again,

the Court rejected § 1983 as a vehicle to challenge the
lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for
> other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into
> question by a federal court*s issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence
> that has not  been so invalidated is not cognizable
> under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further
instructed district courts, in determining whether a complaint
states a claim under § 1983, to evaluate whether a favorable
outcome would necessarily imply the invalidity of a criminal
judgment.

> Thus, when a state prisoner seeks damages in a § 1983
> suit, the district court must consider whether a
> judgment in favor of the plaintiff would necessarily
> imply the invalidity of his conviction or sentence; if
> it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or
> sentence has already been invalidated.  But if the
> district court determines that the plaintiff*s action,
> even if successful, will not demonstrate the invalidity
> of any outstanding criminal judgment against the
> plaintiff, the action should be allowed to proceed, in
> the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that
"a § 1983 cause of action for damages attributable to an
unconstitutional conviction or sentence does not accrue until the
conviction or sentence has been invalidated."  Id. at 489-90.

Plaintiff's claims against the defendants in this case present the type of claim addressed in Heck; that is, a finding that Plaintiff's conviction, or the sentence he is serving, was procured by unconstitutional means would necessarily imply the invalidity of his conviction.  As Plaintiff does not contend that his conviction has been invalidated, these claims have not yet accrued.  Accordingly, these claims are subject to dismissal for failure to state a claim.

3.   Prosecutor and Public Defender are Not Proper Defendants.

Plaintiff names James F. Avigliano, the Passaic County Prosecutor, as a defendant in this case.  Generally, prosecutors are immune from suit under section 1983.  See Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983").

Further, Plaintiff's claims against Steven Kaplan, a public defender, must be dismissed, as public defenders are not "state actors" for purposes of § 1983 claims.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

9

Therefore, the claims against the named defendants Kaplan, and Avigliano, must be dismissed.

### **CONCLUSION**

For the reasons set forth above, Plaintiff's complaint will be dismissed as to both defendants.  An appropriate order follows.


s/William J. Martini
_____
WILLIAM J. MARTINI
United States District Judge


Dated: 11/7/08

10